# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 18, 2021

Lyle W. Cayce
Clerk

No. 21-40115
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Rene Olivarez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-391-2

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Rene Olivarez, federal prisoner # 15060-379, pleaded guilty to conspiracy to possess with the intent to distribute more than 500 grams of cocaine. The district court sentenced him to 188 months of imprisonment and five years of supervised release. He now appeals the district court's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release, contending that the district court failed to address or acknowledge his evidence that his latent Hepatitis C infection creates a risk of severe illness due to COVID-19 and constitutes an extraordinary and compelling reason for compassionate release. He further argues that his efforts at rehabilitation while in prison warranted early release under the sentencing factors of 18 U.S.C. § 3553(a).

Section 3582(c)(1)(A)(i) allows a district court to modify a defendant's sentence if, after considering any relevant § 3553(a) factors, it finds that "extraordinary and compelling reasons warrant such a reduction" and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). We review the district court's denial of such a motion for abuse of discretion, giving deference to the district court's application of the § 3553(a) sentencing factors. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Olivarez has not shown that the district court clearly erred when it determined that Olivarez's medical condition was not an extraordinary and compelling circumstance warranting a reduction in sentence and that, even if Olivarez's medical conditions constituted an extraordinary and compelling circumstance, a sentence reduction was nevertheless unwarranted based on a balancing of the § 3553(a) factors. The district court considered the arguments advanced by Olivarez and nevertheless found that Olivarez's criminal history weighed against an early release. Olivarez's disagreement with how the district court balanced the § 3553(a) factors is insufficient to establish an abuse of discretion and "is not a sufficient ground for reversal." *Chambliss*, 948 F.3d at 694.

Accordingly, the judgment of the district court is AFFIRMED.